IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JAMES McCONNELL,
SUZANNE TATTAN,

    Plaintiffs,

v.   No. 09-cv-00522 MCA/WPL

BOARD OF COUNTY COMMISSIONERS
FOR THE COUNTY OF RIO ARRIBA,
RIO ARRIBA COUNTY HOUSING AUTHORITY,
RIO ARRIBA COUNTY SHERIFF'S DEPARTMENT,
RHOADES ENVIRONMENTAL and RONALD K. RHOADES,
ELIAS CORIZ, ANGIE PACHECO, LORI LEYBA, and
JOHN/JANE DOE 1-5 in their individual capacities,

    Defendants

## MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court on pro se Plaintiffs James McConnell's and Suzanne Tattan's "*Motion for an Injunction Against Defendant 'RACHA' for Violation of the Uniform Owner-Resident Relations Act and for Tampering with and Concealing Evidence*," filed Aug. 24, 2009 (Doc. 38); on their "*Motion for Preliminary Injunction Ordering Mold Testing for Public Housing Units under the Control of Defendants 'RAHA' and County and Relocation of all Current Residents Determined to be Living in Contaminated Housing According to the Provisions of 24 C.F.R. § 970.21*", filed Sept. 30, 2009 (Doc. 52); on their "*Motion for Emergency Hearing on Motion Doc. 38 and Motion Doc. 52 for Injunction Against Defendant RAHA*," filed Oct. 2, 2009 (Doc. 54); and on the "*Motion of Defendant Rio Arriba Housing Authority to Strike Plaintiffs' Exhibit (Docs. 52-2 through 52-5) To Plaintiffs' Motion for Preliminary Injunction Ordering Mold Testing for Public Housing Units Under the Control of Defendants RAHA and County and Relocation of All Current Residents Determined to be Living in Contaminated Housing According*

*to the Provisions of 94 CFR § 970.21 (Doc. 52) Filed September 30, 2009*," filed October 15, 2009 (Doc. 62). The Court, having considered the record, the parties' briefs and the relevant law, and otherwise being fully advised in the premises, concludes that the Plaintiffs' motions should be denied and that the Motion to Strike Exhibits should be granted in part.

I.   APPLICABLE LAW.

A preliminary injunction is an "extraordinary equitable remed[y] designed to preserve the relative positions of the parties until a trial on the merits can be held." *Westar Energy, Inc. v. Lake*, 552 F.3d 1215, 1224 (10th Cir. 2009) (internal quotation marks omitted). To be entitled to a preliminary injunction,

> the moving party must demonstrate that four equitable factors weigh in favor of the injunction: (1) irreparable injury in the absence of the injunction, (2) the threatened injury to the moving party outweighs the harm to the opposing party resulting from the injunction, (3) the injunction is not adverse to the public interest, and (4) the moving party has a substantial likelihood of success on the merits. Three types of preliminary injunctions are disfavored: (1) preliminary injunctions altering the status quo, (2) mandatory preliminary injunctions, and (3) preliminary injunctions granting the moving party all the relief it could recover at the conclusion of a full trial on the merits.

*Id.* (internal quotation marks and citation omitted).

II.   ANALYSIS

A.  The first motion for injunctive relief.

The Plaintiffs' first motion, which they characterize as one for temporary injunctive relief, arises because, on August 5 and 10th, 2009, Rio Arriba Housing Authority ("RAHA") employees entered into an apartment the Plaintiffs formerly inhabited without the Plaintiffs' consent. *See* Doc. 38 at 2-3. It is undisputed that the Plaintiffs had informed RAHA that they had leased another home on April 13, 2009 and would be moving out of the apartment by the end of April, *see* Doc. 44, Ex. G; that RAHA filed suit in state magistrate court against the Plaintiffs to regain possession of the

apartment on June 3, 2009, *see id.* Ex. F; that on July 1, 2009, RAHA obtained a Writ of Restitution awarding it possession of the apartment by July 30 and terminating the lease for the apartment the Plaintiffs had formerly inhabited, *see* Doc. 55, Ex. B; and that the Plaintiffs appealed from the writ and the appeal is being heard in state district court, *see* Doc. 38, Ex. C. It is also undisputed that, after RAHA obtained the writ of restitution, it removed a dehumidifier that it had loaned to the Plaintiffs to use in the apartment.

In their federal lawsuit, the Plaintiffs contend that RAHA and its employees violated the FHA and their First Amendment rights by placing them in this apartment, which allegedly has toxic mold, and then retaliated against them for complaining about the mold. Their federal complaint, however, does not raise any state-law issues regarding right of occupancy or possession of the apartment, and, as mentioned, those issues are being litigated in state court. In their motion for injunctive relief, the Plaintiffs seek an order requiring RAHA to

> follow the laws of the State of New Mexico under the Uniform Owner-Resident Relations Act in regards to these tenants, which are the Plaintiffs, and that this court instruct Defendant Rio Arriba County Sheriff's Department to educate and inform it's deputies regarding citizens rights under the laws of the United States of America and the State of new Mexico. Further, we also request any relief which this court may deem appropriate for the tampering with and concealing of evidence taken from the residence in question by the Defendant or the Defendant's agent. We also ask that this court order Defendant 'RACHA' to return the dehumidifier to the residence and that Plaintiffs are notified of the arrangements to do so, so that they may be present at the time of entering.

In their reply brief, however, the Plaintiffs clarify that they are requesting that this Court

> order Defendant 'RAHA' and any of their staff to notify us if they need to enter the unit and to make arrangements for us to meet with them at a set time in order that we may be present during any entry onto the premises

Doc. 44 at 7. The Defendants contend that this Court should not take supplemental jurisdiction over state-law matters that do not form part of the Plaintiffs' federal complaint and are currently being

tried in state court and that do not derive from the same nucleus of operative facts as the federal case.  The Plaintiffs respond that their motion for injunctive relief is related to their federal case because they desire to preserve evidence.  They also contend that their "request for injunction barring the entry to unit 110 without prior notice to Plaintiffs is before this court to protect the evidence in this case" and not to determine a right of "tenancy."  Doc. 61 at 2.  The Court concludes that, as clarified in the Plaintiffs' briefs and as demonstrated by the fact that the Plaintiffs have filed motions for emergency restraining orders against RAHA in state court to bar RAHA from entering the unit that the Plaintiffs formerly inhabited, *see* Doc. 56, Ex. B, C, the Plaintiffs actually are requesting not injunctive relief, but rather an evidentiary ruling regarding discovery procedures and the preservation of evidence.

      The Court concludes that there is no good reason to require RAHA to prearrange with the Plaintiffs RAHA's entry into the apartment that the Plaintiffs formerly occupied insofar as it relates to discovery.  The Plaintiffs have already performed independent mold testing and have taken pictures of the unit to support their claim that the unit is uninhabitable because of toxic mold, and they had sufficient time to bring any experts they desired to see the apartment between the time they moved out and the time RAHA obtained the writ of restitution.  RAHA does not dispute that it loaned the dehumidifier to the Plaintiffs, and it is aware of its duty to preserve any relevant evidence.  The Plaintiffs may testify to what they observed, if anything, regarding the dehumidifier filters.  The motion will be denied.

      **B.  The second motion for injunctive relief.**

      In their second motion for injunctive relief, filed September 30, 2009, the Plaintiffs request that the Court order RAHA to

      immediately test housing units under their control for contamination with toxic

> mold which have been identified by the Rio Arriba Tenants Association and their representative, Plaintiff McConnell to be unsafe housing either because mold has been visually identified, tested for by the occupant and come back positive for toxic strains of mold or because there is a known history in the particular dwelling and the current residents are sick . . . [and that] any units testing positive for any level of toxic mold or any buildings with visible mold be vacated immediately. . . . [and that RAHA be required to] relocate all current residents, including Plaintiffs who still have the right to live in unit 110 but do not because it is uninhabitable, into safe, clean and decent comparable housing. We also request that in addition to relocation expenses and rental subsidies that Defendants be ordered to pay an amount agreed upon by each individual household to replace their personal belongings which must be abandoned in any building contaminated with stachybotry mold or aspergillus mold.

Doc. 52 at 1-2. It is undisputed that (I) neither the Rio Arriba Tenants Association nor any other resident of that association or of the units controlled by RAHA is a party to the Plaintiffs' suit; (ii) the Plaintiffs no longer reside at the property owned by RAHA; and that (iii) on Oct. 2, 2009, RAHA sent a mold expert to its units at Ojo Caliente, including the unit the Plaintiffs formerly occupied, to obtain samples to be tested for mold.

The Plaintiffs, as non-attorney pro-se litigants, may not seek injunctive, or any other type of, relief on behalf of other people. "A litigant may bring his own claims to federal court without counsel, but not the claims of others." *Fymbo v. State Farm Fire & Cas. Co.*, 213 F.3d 1320, 1321 (10th Cir. 2000). Further, the request for RAHA to perform mold testing in the Plaintiffs' former unit is moot, as is any request to place the Plaintiffs in other housing. As noted in the Plaintiffs' complaint, the Board approved of the Plaintiffs being placed in other housing at the March 26, 2009 Board Meeting. *See* Doc. 30, ¶ 43. Finally the request for immediate consequential damages can not be granted at this juncture because only after a trial will the issues regarding whether mold in the Plaintiffs' unit caused damage to their belongings be determined.

The Plaintiffs have failed to show entitlement to the injunctive relief requested because their requests are either moot or regard other people or would improperly alter the status quo of the

5

parties. Nor have they shown that irreparable injury will occur if the injunction is denied or, indeed, that there is any threat of injury to themselves if injunctive relief is not granted. They also have failed to show that the requested injunctive relief is not adverse to the public interest. The second motion will be denied.

### C. The motion to strike.

RAHA seeks to strike all of the exhibits attached to the Plaintiffs' second motion for preliminary injunction because many pages of the exhibits are irrelevant; they exceed the number of pages for exhibits by more than 150 pages; and the Plaintiffs failed to request of any party or the Court permission to exceed the page limits as required by D.N.M. LR 10.5 (providing that exhibits may not exceed fifty pages "unless all parties agree otherwise" or the party seeking to exceed the page limit "must file a motion" seeking to exceed the page limits and "may file only those pages of an exhibit which are to be brought to the Court's attention"). The Court agrees that Exhibit L, a 209-page "RIO ARRIBA COUNTY ANNUAL FINANCIAL REPORT FOR THE YEAR ENDED JUNE 30, 2008" is irrelevant to the issues raised in the Plaintiffs' Complaint, grossly exceeds the page limit, and should be stricken. Further, the Plaintiffs have agreed to withdraw Exhibit L and have resubmitted an exhibit that conforms to the page limitations. *See* Doc. 66. The remaining exhibits attached to Doc. 52 shall not be stricken.

**NOW, THEREFORE, IT IS ORDERED** that the Plaintiffs' *Motion for an Injunction* (Doc. 38) is DENIED; that their *Motion for Preliminary Injunction* (Doc. 52) is DENIED; that their *Motion for Emergency Hearing* (Doc. 54) is DENIED as moot; and that RAHA's *Motion to Strike* (Doc. 62) is GRANTED in PART and DENIED in PART.

**IT IS FURTHER ORDERED** that Exhibit L, attached as Doc. 52-2, is STRICKEN from the record.

**SO ORDERED** this 9th day of December, 2009, in Albuquerque, New Mexico.

**M. CHRISTINA ARMIJO**
United States District Judge