### IN THE UNITED STATES DISTRICT COURT

### FOR THE DISTRICT OF NEW MEXICO

JAMES McCONNELL,
SUZANNE TATTAN,

      Plaintiffs,

v.                                                            CV 09-522 MCA/WPL

BOARD OF COUNTY COMMISSIONERS
FOR THE COUNTY OF RIO ARRIBA,
RIO ARRIBA COUNTY HOUSING
AUTHORITY, RIO ARRIBA COUNTY
SHERIFF'S DEPARTMENT, RHOADES
ENVIRONMENTAL and RONALD K.
RHOADES, ELIAS CORIZ, ANGIE PATCHECO,
LORI LEYBA, JOHN/JANE DOE 1-5 in their
individual capacities,

      Defendants.

### ORDER DENYING MOTION FOR *JUS TERTII* STANDING

James McConnell has filed a motion for *jus tertii* standing to assert the claims of others, specifically, the elderly, the disabled, and the children who reside in public housing complexes under the control of the Rio Arriba County Housing Authority (RACHA). (Doc. 75.) McConnell claims that he is President of the Rio Arriba Housing Authority Tenants' Association and that he meets the requirements for *jus tertii* standing because he has a close relation to the third parties, who are hindered in their ability to protect their own interests by their age or their disabilities.

The Defendants have raised a number of objections to McConnell's request. RACHA, Angie Pacheco and Lori Leyba argue that, because Plaintifffs' Complaint does not include claims on behalf of the third parties, the motion should be denied because it is an attempt to obtain an advisory opinion. When a plaintiff proceeds *pro se*, the court is to review his pleadings and motions liberally

and under a less stringent standard than applied to documents drafted by an attorney. *See Johnson v. Johnson,* 466 F.3d 1213, 1214 (10th Cir. 2006). The court does not, however, act as the advocate for a *pro se* party. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Reviewing McConnell's motion liberally, I will construe it as a motion to amend to add claims on behalf of the third parties and find that it does not request an advisory opinion.

The Defendants also contend that McConnell does not have standing to bring claims on behalf of other parties. Article III gives the federal courts jurisdiction over only cases and controversies, and standing doctrines "are employed to refuse to determine the merits of a legal claim, on the ground that even though the claim may be correct the litigant advancing it is not properly situated to be entitled to its judicial determination." 13A CHARLES ALAN WRIGHT, ARTHUR R. MILLER & EDWARD H. COOPER, FEDERAL PRACTICE AND PROCEDURE § 3531 (3d ed. 2008). Ordinarily, a litigant must assert his own legal rights and interests, and cannot bring a claim for relief on behalf of third parties. *See Powers v. Ohio*, 499 U.S. 400, 410 (1991). The doctrine of *jus tertii* standing is an exception to this rule and allows a plaintiff to assert the rights of others if the plaintiff can establish two elements in addition to his own "injury in fact." *See Aid for Women v. Foulston*, 441 F.3d 1101, 1111 (10th Cir. 2006). First, the plaintiff must show that he or she "has a 'close' relationship with the person who possesses the right." *Id.* at 1111-12 (quoting *Kowalski v. Tesmer*, 543 U.S. 125, 130 (2004)). Second, the plaintiff must show that "there is a 'hindrance' to the possessor's ability to protect his own interests." *Id.* at 1112 (quoting *Kowalski*, 543 U.S. at 130).

The parties vigorously dispute whether McConnell has established either element. The Defendants first argue that McConnell does not have a close relationship with the third parties. They claim that McConnell appointed himself President of the Rio Arriba Housing Authority Tenants' Association, which consists of only two persons, McConnell and co-Plaintiff Suzanne Tattan. They

further note that McConnell does not currently reside in RACHA property. McConnell admits that there is a division between the tenants and a "wedge between Mr. McConnell and some Spanish residents." (Doc. 75 at 3.) He also admits that only some of the residents have requested his assistance. (*Id.* at 5.)

The Defendants also argue that McConnell has not demonstrated any hindrance to the third parties bringing their own claims. Although McConnell avers that he wishes to assert the rights of the elderly, the disabled and the children who live at RACHA properties, he fails to provide any details of the hindrances faced by the third parties in asserting their own claims. Courts "'cannot simply assume that every disabled or chronically ill person is incapable of asserting his or her own claims [because] such persons are typical and frequent plaintiffs under both the ADA and RA.'" *Aid for Women*, 441 F.3d at 1114 (quoting *Freilich v. Upper Chesapeake Health, Inc.*, 313 F.3d 205, 215 (4th Cir. 2002)).

Courts look closely to ensure that both the close relationship and hindrance requirements are met before granting *jus tertii* standing. *See Steger v. Franco, Inc.*, 228 F.3d 889, 893(8th Cir. 2000) (although a blind plaintiff had standing to challenge all aspects of a building that failed to comply with handicap access for blind people, he did not have standing to challenge the failure to comply with handicap access requirements with respect to other disabilities); *Brian A. ex rel. Arthur A. v. Stroudsburg Area Sch. Dist.*, 141 F. Supp. 2d 502, 507 (M.D. Pa. 2001) (the father of an expelled high-school student lacked standing to join in his son's claim for due process deprivation).

Although it seems unlikely that McConnell meets both requirements for *jus tertii* standing, it is not necessary to decide these issues because there is a more fundamental problem with his motion: McConnell is not a lawyer and he cannot represent other parties in court. McConnell has the right to act as his own counsel in federal court. *See* 28 U.S.C. § 1654 ("In all courts of the United

States the parties may plead and conduct their own cases personally or by counsel . . . ."). However, a *pro se* plaintiff may not seek to represent the interests of third parties in federal court. *See Jones v. Corr. Med. Serv., Inc.*, 401 F.3d 950, 951-52 (8th Cir. 2005) (non-attorney administrator of estate may not proceed *pro se* when there are other beneficiaries or creditors of the estate); *Fymbo v. State Farm Fire & Cas. Co.*, 213 F.3d 1320, 1321 (10th Cir. 2000) ("A litigant may bring his own claims to federal court without counsel, but not the claims of others. This is so because the competence of a layman is 'clearly too limited to allow him to risk the rights of others.'" (quoting *Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir. 1975)) (citations omitted)); *Meeker v. Kercher*, 782 F.2d 153, 154 (10th Cir. 1986) (*pro se* father cannot bring suit on behalf of minor children); *DePonceau v. Pataki*, 315 F. Supp. 2d 338, 341 (W.D.N.Y. 2004) ("[P]laintiffs have no statutory nor constitutional right to be represented in federal court by a non-lawyer."). The same rule applies in New Mexico state court. *See Lee v. Catron, Catron & Pottow, P.A.*, 203 P.3d 104, 105 (N.M. Ct. App. 2008) ("One who is not a licensed attorney cannot represent others in court."); *Chisholm v. Rueckhaus*, 948 P.2d 707, 709 (N.M. Ct. App. 1997) ("We join an overwhelming majority of jurisdictions and hold that a non-attorney parent must be represented by counsel in bringing an action on behalf of a child.").

It is especially important to apply this rule to the present case. As the Second Circuit stated, "[I]t is not in the interests of minors or incompetents that they be represented by non-attorneys. Where they have claims that require adjudication, they are entitled to trained legal assistance so their rights may be fully protected." *Cheung v. Youth Orchestra Found. of Buffalo, Inc.*, 906 F.2d 59, 61 (2d Cir. 1990). McConnell's motion for *jus tertii* standing is therefore denied.

IT IS SO ORDERED.

*William P. Lynch*
WILLIAM P. LYNCH
UNITED STATES MAGISTRATE JUDGE

A true copy of this order was served
on the date of entry--via mail or electronic
means--to counsel of record and any *pro se*
party as they are shown on the Court's docket.