## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

JAMES McCONNELL,
SUZANNE TATTAN,

      Plaintiffs,

v.                                                                                                  CV 09-522 MCA/WPL

BOARD OF COUNTY COMMISSIONERS
FOR THE COUNTY OF RIO ARRIBA,
RIO ARRIBA COUNTY HOUSING
AUTHORITY, RIO ARRIBA COUNTY
SHERIFF'S DEPARTMENT, RHOADES
ENVIRONMENTAL and RONALD K.
RHOADES, ELIAS CORIZ, ANGIE PATCHECO,
LORI LEYBA, JOHN/JANE DOE 1-5 in their
individual capacities,

      Defendants.

### ORDER DENYING MOTION FOR SANCTIONS

Plaintiffs have filed a Motion for Sanctions against Angie Pacheco, Director of the Rio Arriba County Housing Authority (RACHA), for alleged misrepresentations made by Pacheco in an affidavit. (Doc. 70.) Plaintiffs also seek sanctions directly against Josh Harris, counsel for RACHA, Pacheco and Lori Leyba, and against Christopher Supik, counsel for the Board of County Commissioners of Rio Arriba County, the Rio Arriba County Sheriff's Department, and Elias Coriz, for a variety of matters. (*Id.*) Because Plaintiffs have failed to establish that Pacheco, Harris or Supik violated Rule 11 in any way, Plaintiffs' Motion will be denied.

Rule 11 establishes the standards that attorneys and *pro se* parties must meet when they file pleadings and motions in court. A court may impose sanctions under Rule 11 if a party presents a pleading, motion or other paper to the court for any improper purpose, or that, to the best of the

party's knowledge, is not well grounded in fact or warranted by existing law or a good faith argument for the extension, modification or reversal of existing law. *See* FED. R. CIV. P. 11(b); *Coffey v. Healthtrust, Inc.*, 1 F.3d 1101, 1104 (10th Cir. 1993). Whether a party has conducted a reasonable inquiry into the facts and the law is determined by examining the totality of the circumstances under an objective reasonableness standard. *See Lichtenstein v. Consol. Servs. Group, Inc.*, 173 F.3d 17, 23 (1st Cir. 1999). Rule 11 sanctions are to be imposed sparingly, and generally are imposed only in exceptional circumstances where a claim or motion is patently frivolous. *See Hartmarx Corp. v. Abboud*, 326 F.3d 862, 867 (7th Cir. 2003); *Ford Motor Co. v. Summit Motor Prods., Inc.*, 930 F.2d 277, 289 (3d Cir. 1991).

Plaintiffs claim that Pacheco and Harris should be sanctioned because they attempted to mislead the court about Plaintiffs' continued right to occupy Unit 110 of the Ojo Caliente housing unit managed by RACHA. Plaintiffs admit that RACHA filed suit in state magistrate court against them to regain possession of the apartment, and that the court granted a writ of restitution to RACHA awarding it possession of the apartment and terminating the lease. Plaintiffs claim that RACHA'S Response to Plaintiffs' Motion for an Injunction, filed by Harris, and Pacheco's affidavit in support of this response, failed to inform the court that Plaintiffs appealed to state district court from this judgment. According to Plaintiffs, the appeal stayed the judgment and Plaintiffs continued to have rights as tenants of Unit 110 even after entry of the judgment.

This claim for sanctions fails for two reasons. First, Pacheco and Harris did not misrepresent any facts to the court. They did not state in either the affidavit or Response that Plaintiffs did not file a notice of appeal. Further, they did not try to hide from the court the fact that Plaintiffs had filed a notice of appeal. Harris disclosed that fact in RACHA's Response to Plaintiffs' Motion for

Preliminary Injunction. (Doc. 56 at 1-2.) And Judge Armijo was fully aware of the fact that Plaintiffs had filed a notice of appeal. (Doc. 106 at 2-3.)

Second, there is at least a dispute of law about whether the appeal stayed the judgment. Plaintiffs aver that their appeal stayed the state court judgment, but fail to cite any authority to support this proposition. While the Defendants did not spend much effort briefing this issue, it appears that, under New Mexico law, merely filing a notice of appeal does not stay a writ of restitution unless the resident also makes certain payments. New Mexico's Owner-Resident Relations Act provides that where a resident files a notice of appeal, the execution of the writ of restitution shall not be stayed unless the resident, within five days of filing the notice of appeal, pays to the owner or into an escrow account an amount equal to the rental amount that shall come due from the day following the judgment through the end of that rental period, plus other monthly payments as they come due. N.M. STAT. § 47-8-47(A). Nowhere do Plaintiffs state that they made any payments to RACHA or to an escrow account as required by § 47-8-47(A). Because there is support for the position taken by Pacheco and Harris that Plaintiffs' rights to occupancy of the apartment were terminated by the state court judgment, they did not attempt to mislead the court about Plaintiffs' rights to Unit 110 and are not subject to sanctions under Rule 11. *See Rogler v. Standard Ins. Co.*, 30 F. App'x 909, 914-15 (10th Cir. 2002) (finding no basis for Rule 11 sanctions where evidence supported the defenses and factual denials in the defendant's answer).

Plaintiffs' claim that Harris and Supik should be sanctioned for certain legal arguments that they asserted on behalf of their clients fails to withstand even cursory scrutiny. One of Plaintiffs' claims is that Supik should be sanctioned because he filed a Motion to Dismiss on behalf of Elias Coriz. Judge Armijo granted this motion and dismissed with prejudice Plaintiffs' claims against

Coriz. (Doc. 105 at 12.) Supik cannot be sanctioned for presenting a meritorious motion to the court. *See Hartmarx*, 326 F.3d at 871.

Plaintiffs claim that Harris should be sanctioned for filing a motion to dismiss that argued that RACHA is not a separate entity from Rio Arriba County and is not a "person" under 42 U.S.C. § 1983. They also claim that Supik should be sanctioned for moving to dismiss the claims against the County on the ground that RACHA and the County are separate legal entities. Judge Armijo rejected these arguments and denied RACHA's and the County's motion to dismiss on these grounds. (Doc. 105 at 10-15.) This rejection does not subject Harris and Supik to sanctions. Harris cited considerable legal authority in support of his argument. (Doc. 39 at 2-4.) While Supik's argument was more "bare bones," he claimed that Plaintiffs' own admissions supported his position. (Doc. 14 at 1-2.) Where a party has a reasonable position on an issue of law, that position is not a basis for sanctions even if the court adopts a contrary position. *See Hartmarx*, 326 F.3d at 868; *Ford Motor Co.*, 930 F.2d at 289-90 (finding sanctions inappropriate, even though there was little support in the record for the defendant's RICO counterclaim and the court had granted summary judgment on the claim, because the claim was not "patently frivolous"). Harris and Supik were entitled to raises these defenses without running afoul of Rule 11.

There is yet another flaw in Plaintiffs' Motion: they did not comply with the "safe harbor" provisions outlined in Rule 11(c)(2) before they filed their motion. Motions for sanctions shall be served but not filed with the court unless, within twenty-one days after service of the motion, the challenged pleadings or claims have not been withdrawn or corrected. *See* FED. R. CIV. P. 11(c)(2); *Roth v. Green*, 466 F.3d 1179, 1191-92 (10th Cir. 2006) (citing prior version of Rule 11(c)). Plaintiffs did not serve on Pacheco, Haris and Supik a copy of the actual motion twenty-one days before they filed it. Instead, they filed with the court a document titled "Notice of Intent to File

4

Motion Requesting Sanctions," and then later filed a separate motion for sanctions. (Doc. 49, 70.) Substantial compliance with the Rule is not sufficient, and failure to serve a copy of the motion itself should result in rejection of the motion. *See Roth,* 466 F.3d at 1192-93; *Browne v. Nat'l Ass'n of Sec. Dealers, Inc.*, No. 05-CV-2469, 2006 WL 1506711, *2 (N.D. TX. May 31, 2006).

Rule 11 sanctions may be imposed upon a party that files a frivolous Rule 11 motion. *See Baker v. Urban Outfitters, Inc.*, 254 F. Supp. 2d 346, 361 (S.D.N.Y. 2003); *Browne*, 2006 WL 1506711, at *3. Whether to impose sanctions under Rule 11 is committed to the discretion of the judge. *See* FED. R. CIV. P. 11(c); *Perez v. Posse Comitatus*, 373 F.3d 321, 325 (2d Cir. 2004). In determining whether to impose sanctions, or what sanctions to impose, the Advisory Committee notes suggest the following considerations: (1) whether the improper conduct was willful or negligent; (2) whether it was part of a pattern of activity, or an isolated event; (3) whether it infected the entire pleading, or only one particular count or defense; (4) whether the person has engaged in similar conduct in other litigation; (5) whether it was intended to injure; (6) what effect it had on the litigation process in either time or expense; (7) whether the responsible person is trained in the law; (8) what amount, given the financial resources of the responsible person, is needed to deter that person from repetition in the same case; and (9) what amount is needed to deter similar activity by other litigants. *See* FED. R. CIV. P. 11(b) and (c) Advisory Committee Notes (1993 Amendments).

Some of these factors argue for the imposition of sanctions in this case. Plaintiffs' conduct in pursuing sanctions may properly be described as willful. As one court stated, Plaintiffs' motivation appears to be that Defendants have "not rolled over and played dead, withdrawing all opposition" to Plaintiffs' claims. *Baker*, 254 F. Supp. 2d at 361.This motion is part of a pattern and is not an isolated event; I have previously denied a request by Plaintiffs that I discipline defense counsel. (Doc. 98.) Further, Plaintiffs' motion has had an effect on the litigation process because

5

Pacheco, Harris and Supik have been required to expend time and effort in responding to Plaintiffs' meritless motion.

On the other hand, some of the factors suggest that sanctions need not be imposed at this time. The primary factor counseling against awarding sanctions is that Plaintiffs are representing themselves and are not trained in the law. Plaintiffs admit that they "are rather inexperienced in these matters" and "do not proclaim to understand these issues entirely." (Doc. 88 at 4; Doc. 89 at 2.) Plaintiffs' *pro se* status is not a defense to the imposition of sanctions against them. *See Warren v. Guelker*, 29 F.3d 1386, 1390 (9th Cir. 1994) (noting that a court cannot decline to award Rule 11 sanctions "simply because plaintiff is proceeding *pro se* [and that a] contrary conclusion would effectively place all unrepresented parties beyond the reach of Rule 11"); *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994) (reiterating that plaintiffs' *pro se* status does not excuse their obligation to comply with the same rules of procedure that govern other litigants). It is, however, an important factor to consider in determining whether to impose sanctions. There is no evidence that Plaintiffs have engaged in similar conduct in other litigation. It is not obvious that Plaintiffs intended their conduct simply to injure. Rather, I believe that Plaintiffs thought it necessary to bring these disputes to the court's attention, and did not file their motion merely to harass or oppress Pacheco, Harris and Supik. Finally, the RACHA Defendants did not request that Plaintiffs be sanctioned.

Plaintiffs' Motion for Sanctions is hereby denied. While I decline to impose sanctions against Plaintiffs for their actions, they are hereby cautioned to comply with the Federal Rules of Civil Procedure and the District's Local Rules of Civil Procedure in their future filings. Failure to do so will result in the imposition of sanctions, which could include dismissal of their case. *See McDonald v. Khurshid*, No. C04-5736RJB, 2006 WL 1328869, *3 (D.C. Wash. May 15, 2006) (finding that

dismissal of a plaintiff's case with prejudice as a sanction for violating Rule 11 was required "in order to deter repetition of Plaintiff's conduct or comparable conduct by others similarly situated").

IT IS SO ORDERED.

_____
WILLIAM P. LYNCH
UNITED STATES MAGISTRATE JUDGE

A true copy of this order was served
on the date of entry--via mail or electronic
means--to counsel of record and any *pro se*
party as they are shown on the Court's docket.

7